UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORDAN VELAZQUEZ AMADOR,<br><br>Petitioner,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement,<br><br>Respondent. | Case No.:  25-cv-3482-BJC-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Yordan Velazquez Amador's ("Petitioner") Motion for Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF Nos. 1, 6. Respondents filed a response.  ECF No. 10.  For the reasons set forth below, the Petition is **GRANTED.**

## I.    BACKGROUND

Petitioner is a citizen and national of Cuba.  ECF No. 6 at 2.  On November 14, 2024, he entered the United States via the Customs and Border Patrol ("CBP") One Application. *Id.*  Upon entry, CBP granted Petitioner humanitarian parole under 8 U.S.C. § 1182(d)(5) and issued Form I-94 "Arrival/ Departure Record," ECF No. 6-1 at 10-11, along with a Notice to Appear.  *Id.* at 6.

Counsel for the Department of Homeland Security filed an unopposed motion to

terminate Petitioner's removal proceedings, and the immigration judge granted the motion. ECF No. 6 at 2.  On April 8, 2025, Petitioner submitted his asylum application to United States Citizenship and Immigration Services.  ECF No. 6-1 at 13.  On April 11, 2025, Immigration Customs and Enforcement ("ICE") sent Petitioner an email stating that his parole was revoked.  *Id.* at 18.  The notice did not provide a reason for revocation.  *Id.*

On April 15, 2025, Petitioner checked in at the ICE offices in downtown San Diego. ECF No. 6 at 4.  An ICE agent told him to report back on October 14, 2025.  *Id.*  Petitioner complied and was immediately detained.  *Id.*  Petitioner claims that he was not given an interview or an opportunity to explain why he should not be detained.  *Id.*  He has remained in custody continuously since that date.  *Id.*

On December 3, 2025, Petitioner filed a Petition for Writ of Habeas Corpus.  ECF No. 1.  The Court appointed Federal Defenders of San Diego, Inc. to represent Petitioner on December 12, 2025.  ECF No. 4.  Petitioner thereafter filed an amended petition on December 19, 2025, alleging that the agency's termination of his asylum application, revocation of his parole, and continued detention violated his due process rights.  ECF No. 6.  On December 31, 2025, Respondent submitted a reply, ECF No.10, and on January 2, 2026, Petitioner filed a traverse.  ECF No. 11.

## II.    LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

25-cv-3482-BJC-MMP

## III.    DISCUSSION

### A.    Jurisdiction

Respondents argue judicial review of claims arising from detention are barred under 8 U.S.C § 1252(g).  Respondents also argue 8 U.S.C. § 1252(b)(9) divests the court of jurisdiction to hear Petitioner's challenge to detain him, which arose from the decision to commence removal proceedings.

#### 1.  Section 1252(g)

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).   It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority. *Id.* (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Here, Petitioner challenges the agency's revocation of parole and termination of his USCIS asylum proceedings as unconstitutional and contrary to applicable statutes.  ECF No. 11 at 10.  A challenge to parole revocation does not arise from the decision to commence or adjudicate removal proceedings, nor from the execution of a removal order.  As the Ninth Circuit has explained, § 1252(g)'s jurisdiction-stripping provision is limited to "actions challenging the Attorney General's discretionary decisions to initiate

proceedings, adjudicate cases, and execute removal orders." *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018). Accordingly, § 1252(g) does not divest this Court of jurisdiction.

2. Section 1252(b)(9)

Section 1252(b)(9) reads, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Supreme Court precedent demonstrates "decisions to deny bond hearings fall outside the purview of § 1252(b)(9)'s jurisdictional bar." *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)).

Petitioner's challenge to his detention without bond pursuant to DHS policy of treating all noncitizens as applicants for admission under § 1225(b)(2)(A) does not challenge the decision to detain him or seek removal. *See Nielsen*, 586 U.S. at 402. Because the Court's review addresses Petitioner's challenge to the constitutionality of his detention and not any decision to detain or remove Petitioner, § 1252(b)(9) does not divest the Court of jurisdiction over the petition.

**B.      Bond Hearing**

Section 1226(a) authorizes discretionary detention pending removal proceedings and provides for the possibility of release on bond. *See* 8 U.S.C. § 1226(a). Noncitizens detained under § 1226(a) are entitled to an individualized bond hearing before an immigration judge to determine whether continued detention is warranted. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

Here, Respondents concede that Petitioner is detained under § 1226(a) and acknowledge that he is entitled to a bond hearing pursuant to that provision. ECF No. 10 at 2. In light of Respondents' concession, and because Petitioner has not received an individualized bond hearing since his detention began on October 14, 2025, continued

25-cv-3482-BJC-MMP

detention without such a hearing is a violation of due process.  Therefore, habeas relief is appropriate.

**IV.   CONCLUSION**

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Writ of Habeas Corpus is **GRANTED**.

2. Respondents are hereby **ORDERED** to immediately release Petitioner from the Otay Mesa Detention Center, subject to the same conditions previously imposed when he was released on humanitarian parole.

3. The hearing scheduled for January 8, 2026, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  January 7, 2025

_____

Honorable Benjamin J. Cheeks
United States District Judge